CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 14 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| FAYE MADGALENE GALLOWAY, ) | |
| Plaintiff, ) | Civil Action No. 7:07-cv-00235 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| DR. BLAKE, et. al., ) | By: Hon. James C. Turk |
| Defendant(s). ) | Senior United States District Judge |

Plaintiff Fay Madgalene Galloway, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In her complaint, Galloway alleges that one of the defendants, a doctor at Fluvanna Correctional Center for Women misdiagnosed her chronic headaches as being caused by problems with her teeth. She also complains about the defendants' responses to her grievances about the incident. Upon consideration of the complaint, the court finds that this action should be summarily dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

Galloway's allegations are somewhat sparse. During the summer of 2006, she had been suffering headaches for about three weeks and "placed several medical and dental sick call [requests] trying to determine what was causing the pain." Dr. Blake "led [Galloway] to believe the headache pain was coming from two bottom teeth," numbers 25 and 26. The teeth were removed on July 10, 2006. Contrary to Dr. Blake's assertions that the dental treatment would "take care of" the pain, Galloway's headaches returned for another week thereafter. Later, Dr. Blake told her that the headache pain had nothing to do with the teeth. When she filed grievances about the incident, one

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

was returned as untimely filed, although she believes it was submitted on time. The other response, from Ms. M. Jones, was "Once a tooth is removed, it is discarded, not stored. Write Dr. Blake, but I do not believe they have your teeth to put back in your mouth."

To prove that his course of medical treatment in prison amounted to a violation of the Eighth Amendment, an inmate must show that personnel to whose care he was committed exhibited "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). First, the plaintiff must show that the medical need to which the defendants were allegedly deliberately indifferent was objectively sufficiently serious. Such a need usually involves a condition that threatens loss of life or illnesses or injuries that threaten the inmate with permanent disability. Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1974). Second, plaintiff must show that defendants acted with deliberate indifference toward his serious medical need. Estelle, 429 U.S. at 104-105. Inadvertent failure to provide treatment, negligent diagnosis, and medical malpractice do not present constitutional deprivations. Id. at 105-106. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. Rather, the inmate must show that the official was aware of objective evidence from which he could draw an inference that a substantial risk of harm existed, that he drew that inference, and then failed to respond reasonably to the risk. Farmer v. Brennan, 511 U.S. 825, 837-844 (1994). See Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998)(because evidence did not show that doctors knew about inmate's pituitary gland tumor, failure to diagnose and treat it did not state Eighth Amendment claim even though inmate ultimately went blind).

The court is satisfied that Galloway cannot prove any set of facts consistent with her

allegations so as to state any actionable claim regarding her course of dental treatment. Dr. Blake did not ignore her headache pain. He diagnosed it as possibly related to her teeth. Galloway does not allege any facts suggesting that Dr. Blake knew in advance that pulling her teeth would not stop the headache pain. On the contrary, he told her expressly that he believed the pain would stop after the teeth were pulled, and a week after the procedure, the headaches apparently did stop. As her allegations do not demonstrate deliberate indifference by Dr. Blake, her medical claims under § 1983 must be dismissed, pursuant to § 1915A, for failure to state a claim.

At most, Galloway's allegations give rise to claims of medical negligence or malpractice against Dr. Blake for his initial misdiagnosis of the cause of her headache pain or perhaps for the removal of her teeth.[2] Such allegations do not rise to constitutional proportions actionable under § 1983. To the extent that she might have some claim of medical malpractice, such state law claims are not independently actionable under § 1983. Because the court finds that all of Galloway's constitutional claims must be dismissed, the court declines to exercise supplemental jurisdiction over any possible medical malpractice claims under state law. See 28 U.S.C. § 1367(c).

Finally, Galloway also complains about the responses to her grievances. Inmates do not have a constitutionally protected right to a grievance procedure. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) and Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). Accordingly, a prison official's failure to comply with the state's grievance procedure is not actionable under §1983. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Azeez v. De Robertis, 568 F.Supp. 8, 9-11 (N.D.Ill. 1982). Under

---

[2]Ms. Jones' grievance response suggests that Galloway had asked to have her teeth replaced after the headaches did not disappear after the removal procedure. To the extent that she claims Dr. Blake should have saved her teeth for such a contingency, such a claim is, at most, one of medical malpractice and not actionable under § 1983.

3

these principles, Galloway has no actionable claim about defendants' grievance responses. Even if the responses were factually inaccurate, because plaintiff has no constitutional right to any grievance procedure, there is no § 1983 claim here. Accordingly, the court finds that plaintiff's complaint as a whole must be dismissed without prejudice, pursuant to §1915A(b)(1), for failure to state a claim. An appropriate order shall be entered this day.

The plaintiff is advised that she may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 14th day of May, 2007.

/s/ James C. Turk
Senior United States District Judge